UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

_____

| | |
|---|---|
| **ROBERT A. VERCHER AND JUDITH E. VERCHER** | **CIVIL ACTION NO. 05-1951-A** |
| **-vs-** | **JUDGE DRELL** |
| **THE UNITED STATES OF AMERICA THROUGH THE INTERNAL REVENUE SERVICE** | **MAGISTRATE JUDGE KIRK** |

## R U L I N G

Before the Court are Defendant's Motion for Summary Judgment filed on January 3, 2007 by the United States of America ("Government"), through the Internal Revenue Service ("IRS") (Doc. #12), and Plaintiffs' Motion for Summary Judgment filed on January 9, 2007 by Robert Vercher and Judith Vercher (collectively "the Verchers") (Doc. #17). The Court finds there is no need for oral argument in this matter. For the reasons set forth herein, Defendants' Motion for Summary Judgment will be DENIED, and Plaintiffs' Motion for Summary Judgment will be GRANTED.

## BACKGROUND

Prior to 1991, Plaintiff Robert Vercher retired from the military and began drawing military retirement pay. In March of 1991, Mr. Vercher applied for service related disability benefits from the Department of Veterans Affairs ("VA"). On

May 30, 2000, Vercher's disability was approved and granted retroactively to March of 1991.  Because Vercher was not entitled to receive both disability benefits and military retirement pay by law, part of the disability payments were WITHHELD by the VA to reimburse the military retirement system for the retirement pay which Vercher received during the nine-year period while his disability application was pending.  Rather than adjusting for the taxes already paid by Vercher on the income previously reported as military retirement pay, however, the VA re-paid the military retirement system the gross amount of retirement pay Vercher received during that period of time.

In an attempt to recoup the difference between the taxable retirement pay and the non-taxable disability benefits issued to Mr. Vercher, the Verchers filed amended tax returns for the corresponding years with the IRS.  In response to those filings, the IRS issued refund checks for several tax years to the Verchers, but denied a portion of the refund for the 2003 tax year.  For that tax year, the Verchers claimed a refund in the amount of $4,433, but were granted only a refund of $1,237.  On November 11, 2005, the Verchers filed suit in this Court seeking the additional $3,196.

Both parties agree that the only issue remaining before the Court is whether under Section 1341 of the Internal Revenue Code the repayment of military retirement pay was, in this instance, "involuntary."[1]  (Doc. #24).

---

[1] All other issues concerning the applicability of Section 1341 to the case at bar have been resolved by stipulation, including the amount of money sought by the Verchers, $3,196. (Doc. #24)

## LAW AND ANALYSIS

**SUMMARY JUDGMENT STANDARD**

Rule 56(c) of the Federal Rules of Civil Procedure mandates that a summary judgment:

> shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file . . . together with the affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(c). A genuine issue of material fact exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. See Anderson v. Liberty Lobby, Inc., 447 U.S. 242, 249-50, 106 S. Ct. 2505, 2511 (1986). If the movant produces evidence tending to show there is no genuine issue of material fact, the nonmovant must then direct the Court's attention to evidence in the record sufficient to establish the existence of a genuine issue of material fact for trial. Eason v. Thaler, 73 F.3d 1322, 1325 (5th Cir. 1996)(citing Celotex Corp. v. Catrett, 477 U.S. 317, 321-23, 106 S. Ct. 2548, 2551-53 (1986)). In the analysis, all inferences are drawn in the light most favorable to the nonmovant. Herrera v. Millsap, 862 F.2d 1157, 1159 (5th Cir. 1989). However, mere conclusory allegations are not competent summary judgment evidence, and such allegations are insufficient to defeat a motion for summary judgment. Brock v. Chevron U.S.A., Inc., 976 F.2d 969, 970 (5th Cir. 1992).

**SECTION 1341 OF THE INTERNAL REVENUE CODE**

26 U.S.C. § 1341 titled, "Computation of tax where taxpayer restores substantial amount held under claim of right," provides, in relevant part:

> (a) General rule.–If–
> (1) an item was included in gross income for a prior taxable year (or years) because it appeared that the taxpayer had an unrestricted right to such item;
> (2) a deduction is allowable for the taxable year because it was established after the close of such prior taxable year (or years) that the taxpayer did not have an unrestricted right to such item or to a portion of such item; and
> (3) the amount of such deduction exceeds $3,000,
> then the tax imposed by this chapter for the taxable year shall be the lesser of the following:
> (4) the tax for the taxable year computed with such deduction; or
> (5) an amount equal to—
> (A) the tax for the taxable year computed without such deduction, minus
> (B) the decrease in tax under this chapter (or the corresponding provisions of prior revenue laws) for the prior taxable year (or years) which would result solely from the exclusion of such item (or portion thereof) from gross income for such prior taxable year (or years).

26 U.S.C. § 1341.

Congress enacted this statute, in large part, to resolve possible inequities faced by the taxpayer under what is commonly known as the "claim of right doctrine." Culley v. United States, 222 F.3d 1331, 1333-34 (5th Cir. 2000). For example, prior to § 1341's enactment, "a taxpayer who included an item in gross income in one year, and who repaid the item in a later year, was entitled to a deduction for the repayment only in the year of repayment." Id. at 1334. Now, following the enactment of § 1341, certain taxpayers may "reduce their taxes in

the year of repayment by the amount of additional tax paid in the year of receipt due to the amount in question." Id. In other words, § 1341 "allows a taxpayer to recompute taxes for the year in which the taxpayer originally received the money, excluding from income the money that has been later repaid to another." Id.

We hold that § 1341 is available to Mr. Vercher. The Government's interpretation of § 1341's applicability and that voluntariness jumps from Vercher's opting in to the disability benefit program to the repayment of taxes required by statute lies in direct contravention with the ameliorative nature of the statute. As discussed above, Congress intended § 1341 to serve as a vehicle for taxpayers to redress inequities resulting from the "claim of right doctrine."[2] In this instance, portions of Mr. Vercher's disability payments were withheld by the VA to reimburse the military retirement system for the retirement pay which Vercher received from March of 1991 to May 30, 2000, while his disability application was pending. Despite the Government's creative argument to the contrary, these payments were withheld by law, not by a volitional act on the part of Mr. Vercher. See Van Cleave v. United States, 718 F.2d 193, 197 (6th Cir. 1983). We find, therefore, that the Verchers are entitled to a tax adjustment for the 2003 tax year in the amount of $3,196.

---

[2] Under that doctrine, a taxpayer who receives income under a "claim of right and without restriction to its disposition" must include the amount in his gross income for the year in which it was received, even if it is later determined that the taxpayer must repay the amount. Culley v. United States, 222 F.3d 1331, 1333-34 (5th Cir. 2000).

5

## **CONCLUSION**

Accordingly, Plaintiff's Motion for Summary Judgment will be GRANTED, and Defendant's Motion for Summary Judgment will be denied.

SIGNED on this 21st day of August 2007 at Alexandria, Louisiana.

Dee D. Drell
United States District Judge